UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

KENNETH HAAVE, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

ALL AMERICAN SECURITY SERVICES, INC.,
a Florida Corporation, and SERGIO SALAS, individually,

    Defendants.
_____/

# COMPLAINT

1. Plaintiff, KENNETH HAAVE (hereinafter referred to as "HAAVE" and "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, ALL AMERICAN SECURITY SERVICES, INC., a Florida Corporation, and SERGIO SALAS, individually (hereinafter collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a security services business based in Miami-Dade County, within the jurisdiction of this Court, with Defendants' principal office located at 12491 SW 134 Court, Miami, Florida 33186.

3. At all times material to this Complaint, SERGIO SALAS has owned and managed ALL AMERICAN SECURITY SERVICES, INC., and Defendant SALAS has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of ALL AMERICAN SECURITY

SERVICES, INC. By virtue of such control and authority, SERGIO SALAS has been an employer of Plaintiff and the other employees of ALL AMERICAN SECURITY SERVICES, INC. similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself[1] and other current and former hourly, non-exempt employees of Defendants similarly situated to Plaintiff who have worked in Defendants' security services business, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. At all times material to this Complaint, HAAVE was an employee of Defendants, ALL AMERICAN SECURITY SERVICES, INC. and SERGIO SALAS, within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

6. The facts and circumstances of the work HAAVE performed for Defendants, ALL AMERICAN SECURITY SERVICES, INC. and SERGIO SALAS, between approximately December 2019 and March 2020 reveal and confirm that Plaintiff was an employee of Defendants within the meaning of the Fair Labor Standards Act, including but not limited to because:

    (a) Plaintiff worked on a permanent and continuous basis carrying out non-exempt duties in Defendants' security services business each week;
    (b) Plaintiff was wholly dependent on Defendants for earning his livelihood;
    (c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff;
    (d) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants;
    (e) the duties Plaintiff carried out on a daily basis in Defendants' security services business did not require specialized skills by Plaintiff; and
    (f) Plaintiff's duties for Defendants were an integral part of Defendants' security services business.

---

[1] Attached hereto is a signed Consent to Join of KENNETH HAAVE.

7. At all times material to this Complaint, Defendants, ALL AMERICAN SECURITY SERVICES, INC. and SERGIO SALAS, were employers or a "joint employer" of HAAVE within the meaning of the FLSA, 29 U.S.C. §203(d).

8. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 29 U.S.C. §1337 and a substantial part of the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

9. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, ALL AMERICAN SECURITY SERVICES, INC. had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, KENNETH HAAVE alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, ALL AMERICAN SECURITY SERVICES, INC. employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked with tablets, computers, and telephones, all of which were or used goods and/or materials moved in or produced for commerce; (b) handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; and (c) processed checks, electronic bank transfers, and/or credit card transactions through merchant services companies such as Visa, Mastercard, American Express, and Discover.

10. Based upon information and belief, the annual gross sales volume of ALL AMERICAN SECURITY SERVICES, INC. was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

11.     At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, ALL AMERICAN SECURITY SERVICES, INC. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12.     In approximately December 2019, Defendants hired HAAVE as a non-exempt, hourly Account Manager based upon the regular rate of $13.00 per hour.

13.     During the three (3) year statute of limitations period between approximately December 2019 and March 2020, HAAVE performed non-exempt work as an hourly Account Manager at two of the properties serviced by Defendants: (i) Las Ramblas, located at 9934 NW 10th Street, Miami, Florida 33172; and (ii) Jungle Island, located at 1111 Parrot Jungle Trail, Miami, Florida 33132, with Plaintiff's primary job duties consisting of the following non-exempt tasks: (a) driving between the two properties and collecting timesheets and carrying out scheduling; (b) meeting on a daily basis with Defendants' Site Supervisors, Property Managers, and Security Personnel at the two properties; and (c) checking that the Las Ramblas and Jungle Island properties were working at full capacity.[2]

14.     The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, who have worked for Defendants in one or more weeks between June 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per

---

[2] In addition, after Defendants terminated the Site Supervisor for Jungle Island on or around January 15, 2020, HAAVE was also assigned to work as Site Supervisor at Jungle Island until approximately March 20, 2020, in connection with which Defendants agreed to pay a $100.00 weekly bonus to Plaintiff.

week for Defendants.

15. During the three (3) year statute of limitations period between approximately late December 2019 and March 2020, HAAVE regularly worked as a non-exempt hourly employee for Defendants approximately six (6) to six (7) days per week with regular start times as early as approximately 6:00 a.m. and stop times that ranged between approximately 9:00 p.m. and midnight.

16. Likewise, the other employees of Defendants who are similarly situated to HAAVE have regularly worked as non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between June 2017 and the present.

17. However, Defendants have failed to pay time and one-half wages for the overtime hours worked by HAAVE and the other similarly situated non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between June 2017 and the present as a result of *inter alia*, Defendants paying straight-time wages for the overtime hours worked by HAAVE and the other similarly situated employees without time and one-half compensation as required by the Fair Labor Standards Act.

18. Subject to discovery, based upon HAAVE being owed an average of between approximately Thirty-Five (35) to Fifty-Five (55) overtime hours per week from Defendants at the half-time rate of $6.50 per hour [$13.00/2 = $6.50/hour] during a total of approximately Eleven (11) work weeks between approximately late December 2019 and March 2020, Plaintiff's unpaid

overtime wages total between approximately **$2,502.50** and **$3,932.50** [$6.50/hour x 35-55 OT hours/week x 11 weeks = $2,502.50-$3,932.50].

19. Based upon information and belief, while it is believed Defendants are in possession, custody, and/or control of records of some of the hours worked by HAAVE and the non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, between June 2017 and the present, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated employees during each week between June 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

20. At all times material to this Complaint, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by HAAVE and other similarly situated non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, during each week between June 2017 and the present but Defendants have willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by HAAVE and other employees without the overtime compensation required by the FLSA, 29 U.S.C. §207.

21. The complete records reflecting the compensation paid by Defendants to HAAVE and the other similarly situated non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, at any location between June 2017 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff, KENNETH HAAVE, readopts and realleges the allegations contained in Paragraphs 1 through 21 above.

23. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for Defendants as a non-exempt, hourly employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately late December 2019 and March 2020.

24. All similarly situated non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between June 2017 and the present.

25. Defendants knowingly and willfully failed to pay Plaintiff and other non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, similarly situated to Plaintiff at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between June 2017 and the present.

26. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt, n-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, with time and one-half wages for all of their actual overtime hours worked between June 2017 and the present based upon, *inter*

*alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

27. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

28. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff other non-exempt, hourly Account Managers, Site Supervisors, and other similarly situated employees in Defendants' security services business, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

29. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

31. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, KENNETH HAAVE, and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, ALL AMERICAN SECURITY SERVICES, INC. and SERGIO SALAS, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: June 16, 2020 Respectfully submitted,

By: **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Fax: (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **All American Security Services, Inc. and Sergio Salas**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Kenneth Haave*
Kenneth Haave (May 15, 2020)

**Kenneth Haave**