## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

1. This Agreement covers all understandings between KENNETH HAAVE (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and ALL AMERICAN SECURITY SERVICES, INC. and SERGIO SALAS (hereinafter referred to as "Defendants," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit Case No. 20-22477-CIV-MORENO, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice: (i) any claims for re-employment assistance, a/k/a unemployment, benefits consistent with Florida Statutes §443.041(1); or (ii) any claims for worker's compensation benefits consistent with Florida Statutes §440.21.

   B. To file this Agreement in the public record with the Court in Case No. 20-22477-CIV-MORENO by attaching an executed copy of this Agreement to the parties' Joint Motion for review and approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), with the Court to dismiss Case No. 20-22477-CIV-MORENO with prejudice and to retain jurisdiction to enforce this Settlement Agreement.

C. To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants.

D. Plaintiff waives any right to future employment with Defendants and agrees that he shall not apply for employment with Defendants in the future. To the extent Plaintiff does apply for employment with Defendants in the future, Plaintiff acknowledges and agrees that he is not eligible for re-hire and can be denied employment for any reason.

E. Plaintiff shall not disclose the terms of this Agreement to anyone except to Plaintiff's spouse, attorneys, tax advisors, or as compelled by force of law. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be promptly communicated to Defendants' Counsel, Jay E. Kreutzer, Esq., via e-mail to kreutzerlaw@aol.com, so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree as follows:

A. Within ten (10) days of the Court's Order approving this Settlement Agreement in Case No. 20-22477-CIV-MORENO, Defendants agree to pay the total sum of $9,000.00 as follows: (i) one check made payable to KENNETH HAAVE in the amount of $2,275.00, less applicable tax withholdings, as consideration for alleged overtime wages; (ii) one check made payable to KENNETH HAAVE in the amount of $2,275.00, from which no withholdings shall be taken, as consideration towards alleged liquidated and all other damages; and (iii) one check made payable to Keith M. Stern, P.A. in the amount of $4,450.00 as consideration for $3,950.00 for Plaintiff's attorneys' fees and $500.00 for costs.

B. Defendants shall have ten (10) calendar days following the payment deadline under Section 3(A) to cure any default in payment (i.e., failure to pay the agreed upon amount). However, if Defendants do not cure any default in their payment obligations under this Agreement, Plaintiff shall be entitled to a Consent Judgment against Defendants, jointly and severally, in the amount of $14,000.00 less any amounts previously paid by Defendants.

C. In exchange for the consideration in this Agreement from Plaintiff, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the effective date of this Agreement.

    D.      To file this Agreement in the public record with the Court in Case No. 20-22477-CIV-MORENO by attaching an executed copy of this Agreement to the parties' Joint Motion for review and approval pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), with the Court to dismiss Case No. 20-22477-CIV-MORENO with prejudice and to retain jurisdiction to enforce this Settlement Agreement.

    E.      Defendants shall not disclose to any third parties: (i) the terms of this Agreement; or (ii) that Plaintiff filed any claims against Defendants.  If Defendants are contacted by or communicate with any third parties about Plaintiff, Defendants agree they will confirm only the dates during which Plaintiff performed work for Defendants, the job/position Plaintiff held with Defendants, and if asked, the compensation paid to Plaintiff.  In the event Defendants are compelled by force of law to disclose the existence or terms of this Agreement, Defendants agree that notice of receipt of any judicial order, subpoena, or governmental investigation shall be communicated to counsel for Plaintiff, Keith M. Stern, Esq., telephonically at (305) 901-1379 and in writing to Plaintiff's Counsel at employlaw@keithstern.com so that Plaintiff will have the opportunity to assert any rights he has regarding such disclosure.

    4.      In the event that Plaintiffs or Defendants commence(s) an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of his/its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

    5.      Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney.  Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

    6.      The effective date of this Agreement shall be the date of the Court's Order of Approval/Dismissal in Case No. 20-22477-CIV-MORENO.  In the event the Court does not approve of this settlement agreement, this agreement, its requirements, and its releases shall be of no force or effect.

    7.      This Agreement supersedes any and all prior agreements between the parties.  No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

    8.      This Agreement may be executed electronically and in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.  Electronic and facsimile signatures shall be deemed effective as original signatures.

9. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 07/08/2020    Signature: Kenneth Haave (Jul 8, 2020 14:55 EDT)
                               KENNETH HAAVE


DATE: _____    Signature: _____
                              SERGIO SALAS, individually, and on behalf of
                              ALL AMERICAN SECURITY SERVICES, INC.

9.      Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10.     The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: _____    Signature: _____
                                    KENNETH HAAVE

DATE: _7/8/20_          Signature: _____
                                    SERGIO SALAS, individually, and on behalf of
                                    ALL AMERICAN SECURITY SERVICES, INC.

4